IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

EMANUEL
BETANCOURT-VILLASENOR,

        Petitioner,

        v.

UNITED STATES OF AMERICA,

        Respondent.

CASE NO. 2:16-CV-631
CRIM. NO. 2:12-CR-00096(2)
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Elizabeth A. Preston Deavers

OPINION AND ORDER

On December 12, 2012, Petitioner pleaded guilty pursuant to the terms of his *Plea Agreement* to conspiracy to distribute and possess with the intent to distribute more than one kilogram of heroin, in violation of 21 U.S.C. §§846, 841(a)(1) and 841(b)(1)(A)(i). (ECF No. 50.) On May 23, 2013, the Court imposed a sentence of 80 months incarceration to be followed by five years supervised release. (ECF No. 65.) On March 10, 2015, the Court granted the government's motion for sentence reduction pursuant to 18 U.S.C. § 3582(c), and reduced Petitioner's sentence to 70 months incarceration. (ECF No. 80.)

On June 30, 2016, Petitioner filed the instant *Motion to Vacate under 28 U.S.C. § 2255*. He asserts that his prior criminal history score was improperly increased pursuant to U.S.S.G. 2K2.1[1] from 5 to 8 points for his conviction of a prior crime of violence in view of *Johnson v.*

---

[1] U.S.S.G. § 2K2.1 provides in relevant part:

    (a)    Base Offense Level (Apply the Greatest):

        (1)  26, if (A) the offense involved a (i) semiautomatic firearm that is capable of accepting a large capacity magazine; or (ii) firearm that is described in 26 U.S.C. 5845(a); and (B) the defendant committed any part

*United States*, -- U.S. --, 135 S. Ct. 2551 (2015) (holding that the "residual clause" of 18 U.S.C.

§ 924(e)(2)(B)(ii) of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague).

The record, however, indicates that Petitioner's recommended sentence under the United

States Sentencing Guidelines was not increased due to a prior conviction for a crime of violence.

To the contrary, Petitioner had zero prior criminal history points. *PreSentence Investigation*

*Report*, ¶¶ 27, 38. Therefore, *Johnson* does not apply to Petitioner's sentence. Moreover, on

March 6, 2017, the United States Supreme Court held that the United States Sentencing

Guidelines are not subject to a vagueness challenge under the Due Process Clause. *Beckles v.*

*United States*, 580 U.S. –, 2017 WL 855781 (2017). The Supreme Court reasoned that "[u]nlike

---

of the instant offense subsequent to sustaining at least two felony
convictions of either a crime of violence or a controlled substance offense;

(2)    24, if the defendant committed any part of the instant offense
subsequent to sustaining at least two felony convictions of either a crime
of violence or a controlled substance offense;

(3)    22, if (A) the offense involved a (i) semiautomatic firearm that is
capable of accepting a large capacity magazine; or (ii) firearm that is
described in 26 U.S.C. 5845(a); and (B) the defendant committed any part
of the instant offense subsequent to sustaining one felony conviction of
either a crime of violence or a controlled substance offense;

(4)    20, if—

(A) the defendant committed any part of the instant offense subsequent to
sustaining one felony conviction of either a crime of violence or a
controlled substance offense; or

(B) the (i) offense involved a (I) semiautomatic firearm that is capable of
accepting a large capacity magazine; or (II) firearm that is described in 26
U.S.C. 5845(a); and (ii) defendant (I) was a prohibited person at the time
the defendant committed the instant offense; (II) is convicted under 18
U.S.C. 922(d); or (III) is convicted under 18 U.S.C. 922(a)(6) or
924(a)(1)(A) and committed the offense with knowledge, intent, or reason
to believe that the offense would result in the transfer of a firearm or
ammunition to a prohibited person[.]

the ACCA, however, the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause." *Beckles*, 580 U.S. -, -, 2017 WL 855781, at *6.

Therefore, the record reflects that "the moving party is not entitled to relief." See Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.    Under these circumstances, Rule 4(b) states that "the judge must dismiss the motion …." Consequently, for the reasons stated in this *Opinion and Order*, the *Motion to Vacate under 28 U.S.C. § 2255* (ECF No. 82) is **DENIED.**

    **IT IS SO ORDERED.**

3-21-2017

EDMUND A. SARGUS, JR.
Chief United States District Judge